# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                           )
     v.                    )     ID No. 2208005712A
                           )
CAPICE A. JOHNSON,         )
                           )
          Defendant.       )

## ORDER

This 18th day of March 2026, the Court enters the following Order:

1.     Before the Court are three pleadings filed by the Defendant in this matter:  Docket entry #45 is his pro se pleading entitled "Posttrial motion to compel production of discovery and evidence."[1]  Docket entry #46 is a "Motion for new trial pursuant to Rule 33."[2]  Docket entry #47 is a copy of a letter to his trial counsel seeking discovery materials from counsel's file pertinent to Defendant's trial.[3]

2.     Defendant was tried and convicted of crimes arising from a shooting. The facts are detailed in the Supreme Court's opinion affirming his conviction.[4] Essentially, the Defendant drove up to the victim's house on a dirt bike, opened fire on a woman in the driveway, and drove off.  The shooting was captured on a nearby

---

[1] Def.'s Mot. to Compel Disc., Docket Item (hereinafter "D.I._") 45.
[2] Def's Mot. for New Trial, D.I. 46.
[3] Def's Letter to Counsel, D.I. 47.
[4] *See Johnson v. State*, 342 A.3d 1157 (Del. 2025).

video camera that the jury watched. The State's proof consisted of evidence that Defendant was the man on the dirt bike.

3. Defendant was represented by private counsel at his trial. Defense counsel received pretrial discovery pursuant to Rule 16 of the Delaware Rules of Criminal Procedure. Some of the evidence tending to identify the Defendant was the result of a search warrant executed at his residence and a vehicle associated with the residence. The Defense sought to exclude that evidence by way of a pretrial suppression motion. The motion was unsuccessful and was the subject of a written opinion by the Superior Court.[5]

## Motion for New Trial Pursuant to Rule 33

4. There are two possible bases upon which to seek a new trial under Rule 33. First, a motion for a new trial based upon newly discovered evidence is timely if it is filed within two years of final judgment.[6] To the extent Defendant claims newly discovered evidence, it would be considered a timely motion.

5. The second basis for seeking a new trial is a catch-all – any basis other than newly discovered evidence – and such a motion "shall be made within 7 days after verdict or finding of guilt."[7] Since Defendant's finding of guilt occurred in

---

[5] *State v. Johnson*, 2023 WL 4417544 (Del. Super. July 7, 2023).
[6] Super. Ct. Crim. R. 33.
[7] *Id.*

October 2023, a motion under Rule 33 for a new trial based upon anything other than newly discovered evidence is untimely and need not be considered further.

6.      The problem is that Defendant makes no claim to any newly discovered evidence. Indeed, his "motion to compel discovery and evidence" demonstrates that he does not plead the existence of any newly discovered evidence: he says that if the State gives over more evidence, maybe he'll find something. Exactly what that "something" might be, Defendant never says. Thus, the motion for a new trial based upon newly discovered evidence fails because it does not allege the existence of newly discovered evidence. To the extent the motion is based upon something other than newly discovered evidence, it is time-barred. Because Defendant's motion fails under either prong of Rule 33, his motion for a new trial must be denied.

**Motion to Compel Production of Discovery and Evidence**

7.      It is not entirely clear what the Defendant is arguing in this motion. There were search warrants executed and cell site location information obtained from the cellular companies, but it appears they were all turned over in discovery. Indeed, the search warrants were subject to a full suppression hearing. The State has responded to Defendant's motion, asserting that it produced all that Defendant was entitled to under Rule 16.

3

8.      First, Defendant seeks copies of all search warrants used to extract data from seized cell phones.   Copies of the search warrants for two cell phones are appended to the State's answer to Defendant's motion.[8]  In addition, copies were provided to his counsel pretrial.[9]  To the extent the motion seeks these warrants, the issue is moot.

9.      Second, he seeks the "CSLI" from the cell phones above.  A copy of the cell site location information warrant was included in the State's answer to his motion and, like the phone warrants, a copy was provided to defense counsel pretrial.[10]  While not reproduced a second time, the record reflects that the State produced a zip drive containing "2 cell phone dumps" by way of a second discovery letter to defense counsel dated January 4, 2023.[11]  Defendant's request for discovery is denied as duplicative.

10.      Third, Defendant seeks "full extraction reports" which he calls "the complete, unredacted forensic extraction reports for all seized phones, including raw data, photos, text messages, videos, call logs, application logs and metadata."[12]  Given the other errors in Defendant's pleading, the Court cannot discern whether

_____

[8] State's Resp., D.I. 49, Exs. A, B.
[9] State's Resp., D.I. 49, Ex. D, Items 7i, 7j.
[10] State's Resp., D.I. 49, Ex. D, Item 7k.
[11] State's Resp., D.I. 49, Ex. E, Item 7.
[12] Def.'s Mot. to Compel Disc., D.I. 45.

these materials were included in what the State called a "cell phone dump" in its prior discovery answer. Even if these materials were not included, that does not mean the Defendant is now entitled to the materials if they exist. As the Supreme Court has said, "[i]n postconviction proceedings, 'good cause' is a heavier burden than the showing needed for pretrial discovery. Especially at the postconviction stage, 'petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'"[13] Defendant has not demonstrated what the data will reveal that is of relevance to this litigation. His motion is therefore denied for failure to show good cause for such discovery.

11. Finally, Defendant seeks "a detailed inventory and production" of all evidence seized from the residence at 417 Cavalier Drive. Again, Defendant has failed to demonstrate good cause entitling him to posttrial discovery. Defendant has shown no cause whatsoever. Even if we were in a pretrial posture, he would have at best an opportunity to inspect physical items seized; he would not be entitled to production.[14] The State's discovery letter mentions the inclusion of 68 photographs taken during the search of 417 Cavalier Drive.[15] At this point, it is unknown whether Defendant's trial counsel took the opportunity to go to the police station to physically

---

[13] *Cabrera v. State*, 173 A.2d 1012, 1033 (Del. 2017) (first citing *Dawson v. State*, 673 A.2d 1186, 1198 (Del. 1996); and then citing *State v. Jackson*, 2006 WL 1229684, at *2 (Del. Super. May 3, 2006)).
[14] *See* Super. Ct. Crim. R. 16(a)(1)(C).
[15] State's Resp., D.I. 49, Ex. D.

examine the materials seized, but it also does not matter.  In his motion, Defendant fails to make any argument, let alone a compelling one, why his blanket demand for production should be granted, and the Court is under no duty to conjure up a reason for him.[16]  Defendant had counsel, he had a full jury trial, and appellate review of his conviction.  Absent a demonstration of good cause, the Defendant is not entitled to postconviction discovery.

12.    For all of the foregoing reasons, Defendant's motion for a new trial under Rule 33 and his post-trial motion for discovery are **DENIED**.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:    Prothonotary
Isaac A. Rank, Deputy Attorney General
Capice A. Johnson (SBI # 00654753)

---

[16] *See Dawson*, 673 A.2d at 1198 (holding the defendant was not entitled to postconviction discovery since he failed to provide a compelling reason relevant to any plausible defense theory).